MAURO, J.,
Concurring and Dissenting. — I concur in the disposition. The result is based on an interpretation of relevant statutory language that controlled during a finite period of time: a time when the statutory scheme expressly authorized a successor agency to “enter or reenter” into agreements with its sponsoring entity regarding redevelopment activities if the successor agency obtained the approval of its oversight board. (Health & Saf. Code, § 34178, subd. (a).)[1] That window of opportunity came to an end when the Legislature and the Governor subsequently amended the statutory scheme to eliminate such authority.
Assembly Bill No. IX 26 (2011-2012 1st Ex. Sess.) (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 5, § 7) (Assembly Bill 26) was enacted on June 29, 2011. Among other things, Assembly Bill 26 added section 34178, which authorized the reentered agreements in this case. But the Legislature and the Governor subsequently amended the Assembly Bill 26 statutory scheme when they approved Assembly Bill No. 1484 (2011-2012 Reg. Sess.) (Stats. 2012, ch. 26, §§ 6-35) (Assembly Bill 1484), a law that took effect on June 27, 2012. Assembly Bill 1484 eliminated the authority of a successor agency to enter or reenter into new enforceable obligations. (See, e.g., §§ 34173, subd. (g) [“As successor entities, successor agencies succeed to the organizational status of the former redevelopment agency, but without any legal authority to participate in redevelopment activities, except to complete any work related to an approved enforceable obligation.”], 34177.3, subd. (a) [“Successor agencies shall lack the authority to, and shall not, create new enforceable obligations under the authority of the Community Redevelopment Law (Part 1 (commencing with Section 33000)) or begin new redevelopment work, except in compliance with an enforceable obligation that existed prior to June 28, 2011.”].)
In discussing the Department of Finance’s contention that the current versions of sections 34178, subdivision (a) and 34177.3, subdivision (a) are *53 retroactive, the majority states that section 34177.3, subdivision (a) does not apply to reentered agreements because “as a matter of definition one cannot ‘reenter’ a new obligation.” (Maj. opn., ante, p. 51; see City of Emeryville v. Cohen (2015) 233 Cal.App.4th 293, 309 [182 Cal.Rptr.3d 578] [“Taking the last point first, section 34177.3, subdivision (a) refers to ‘new’ obligations, and by its terms does not preclude reentry into ‘an enforceable obligation that existed prior to June 28, 2011.’ ”].) To the extent the majority in this case and the opinion in City of Emeryville suggest that reentered agreements must be continuing obligations rather than new obligations, I disagree. The reentered agreements in this case are new obligations because the original agreements between the redevelopment agency and the County of Sonoma were invalidated by law. (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 5, § 7 [§ 34178, subd. (a)].) County of Sonoma agrees the original agreements were not enforceable obligations binding the successor agency. (See Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 5, § 7 [§ 34171, subd. (d)(1) & (2)].) Rather, County of Sonoma argues the law allowed a successor agency to make “its own” agreements with the host community and allowed the successor agency’s oversight board to “replace” the original agreements with agreements between the successor agency and the host community. This understanding makes sense, because if the original agreements had been continuing enforceable obligations binding the successor agency, there would have been no need for the successor agency to “enter or reenter” into them; they would have continued to be enforceable under the law. (Stats. 2011,1st Ex. Sess. 2011, ch. 5, § 7 [§§ 34171, subd. (d)(2), 34177, subds. (a), (c), (l), 34178, subd. (a)].)
Accordingly, the reentered agreements in this case were new obligations. Although section 34178, subdivision (a) gave the successor agency a window of authority to enter or reenter into such new obligations with the approval of the oversight board, Assembly Bill 1484 subsequently eliminated that authority.

 Undesignated statutory references are to the Health and Safety Code.